BENJAMIN B. WAGNER
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 1:13-cr-00127 AWI-BAM |
|---|---|---|
| Plaintiff, | ) | **MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c)(1)(C) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** |
| v. | ) | |
| JEFFREY LEE JORDAN, | ) | Date: June 10, 2013<br>Time: 10:00 a.m.<br>Hon: Anthony W. Ishii<br>Place: Courtroom Two |
| Defendant. | ) | |

Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Assistant United States Attorney David L. Gappa, has agreed with the defendant Jeffrey Lee Jordan, and his attorney, Katherine Hart, as set forth below. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

///

1

1. <u>Charge</u>

The defendant acknowledges that he has been charged in an indictment as follows:

Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(2).

2. <u>Nature, Elements and Possible Defenses</u>

The defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and he has discussed them with his attorney.

The elements of the crime of Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, as alleged in the indictment, are as follows:

First, the defendant knowingly received and distributed a visual depiction in interstate commerce by any means, including a computer;

Second, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, such visual depiction was of a minor engaged in sexually explicit conduct;

Fourth, the defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

3. <u>Agreements by the Defendant</u>

(a) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to the charge in the indictment, Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(2).

(c) As specified within Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, defendant understands and agrees that the court can either accept this plea agreement entered into by the parties, at which time it will be binding upon the court, or the court can reject the agreement. If the court rejects the agreement, the defendant will have the option of requesting a trial or pleading guilty to the charge in the indictment without an agreement with the government.

(d) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his plea, conviction or any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily waives any and all Constitutional and statutory rights to appeal his plea, conviction, restitution imposed, forfeiture ordered, or his sentence. This waiver of appeal includes, but is not limited to, an express waiver of the defendant's rights to appeal his plea, conviction, restitution imposed, forfeiture ordered, or sentence imposed on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest his plea, conviction, restitution imposed, forfeiture ordered, or sentence imposed in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255 or § 2241.

(e)  The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed under this plea agreement and/or any charges previously dismissed).

(g) The defendant agrees that the sentencing court will consult the 2012 edition of the United States Sentencing Commission's Sentencing Guidelines ("USSG"), as promulgated by the Sentencing Commission under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738 (2005)), and must take the USSG into account when determining a reasonable sentence in light of the factors set forth in 19 U.S.C. § 3553(a).

(h)  Defendant agrees that his conduct is governed by USSG Section 2G2.2, and that the base offense level for his crime is twenty (20) under USSG §§ 2G2.2(a)(2) and (b)(1); plus two (2) levels for receiving sexually explicit images of minors involving the use of a computer (§2G2.2(b)(6)); plus two (2) levels for receiving sexually explicit images of prepubescent minors and/or children under twelve (12) years of age (§2G2.2(b)(2)); plus five

4

(5) levels because the offense to which defendant is pleading guilty involves more than 600 images (§2G2.2(b)(7)); plus four (4) additional levels for receiving sexually explicit images of minors that involve the portrayal of sadistic, masochistic or other depictions of violence (§2G2.2(b)(4) for a total adjusted offense level of thirty-three (33).

(i)  The defendant agrees that his total offense level, after reduction of three (3) levels for acceptance of responsibility, will be thirty (30).  The defendant agrees that one component of an overall "reasonable sentence" will be a term of federal imprisonment of 97 months.  The defendant agrees that he will not, directly or indirectly, request a sentence of imprisonment of less than ninety-seven (97) months by way of a request for a downward departure in offense level or criminal history category or by reference to sentencing factors under 18 U.S.C. § 3553(a) or any other means.

(j)  The defendant agrees that one component of an overall reasonable sentence will be a term of supervised release of one hundred eighty (180) months.

(k)  If the defendant's conviction on the count to which he is pleading guilty is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty, (2) to reinstate any counts that may be dismissed under this agreement, and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By

signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

    (l)  The defendant agrees not to move for a downward departure in this case, including a downward departure in offense level or criminal history category. He will not do this directly or indirectly, or in any other way request a sentence of imprisonment lower than the 97-month term to which he has agreed. The defendant understands and agrees that this agreement by him includes, without limitation, not moving for a downward departure of his offense level, criminal history category or criminal history points as defined by the Sentencing Guidelines. Additionally, the defendant agrees that the application of the Sentencing Guidelines to this case results in a reasonable sentence and that the defendant will not request that the court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a term of imprisonment lower than 97 months. The defendant acknowledges that, if the defendant requests or suggests in any manner a sentence other than that to which the parties agree in this plea agreement, the government, at its sole discretion, may withdraw from this plea agreement and continue with its prosecution of the defendant as if the parties had not entered into this plea agreement.

(m)   The defendant agrees that his release pending sentencing is restricted by 18 U.S.C. § 3143(a), and he agrees that he will be remanded into custody upon entry of his guilty plea on June 10, 2013.

(n) Defendant agrees that his conduct is governed by mandatory restitution under 18 U.S.C. § 2259 and agrees to pay the victims the full amount of their losses as ordered by the court and as a result of the defendant's conduct as charged in the indictment.  Defendant agrees that mandatory restitution applies to those victims affected by the charges as set forth in the indictment, including any counts being dismissed as part of the plea agreement and regardless of whether or not the victims are included in the factual basis.  The defendant agrees to pay restitution of $20,000.00 (a total amount) to any victim(s) of the offense to which he is pleading guilty if the victim(s) properly document a claim for restitution.  In the event that no victim(s) submit(s) a properly documented claim for restitution, the defendant agrees to make a payment of $20,000.00 to the National Center for Missing & Exploited Children (NCMEC) in Alexandria, Virginia.  The defendant agrees to provide proof of receipt of this payment by the NCMEC no later than by time of sentencing.

(o)   The defendant acknowledges that he has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep his registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student.  He understands that the requirements for registration

7

include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or student not later than three business days after any change in name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

(p) The defendant acknowledges that a forfeiture allegation has been filed against him in the indictment in this case, and he will admit this allegation and not contest the forfeiture of the items listed in this allegation. More specifically, the defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture under 18 U.S.C. § 2253. Those assets include, but are not limited to, the following:

   1.) One eMachine mid-tower desktop computer, serial number 6CC65C0006155; and

   2.) One Black Maxtor external hard drive, serial number 2HA1FRG6.

Defendant agrees that the listed assets constitute property which contains visual depictions mailed, shipped, or transported in violation of 18 U.S.C. § 2252(a)(2) or was used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violation, all in violation of 18 U.S.C. § 2253.

Defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. Defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

Defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution. The defendant knowingly and voluntarily waives any right to a jury trial in any criminal or civil forfeiture proceeding.

4. <u>Agreements by the Government</u>

(a) The government agrees that the defendant's conduct is governed by USSG Section 2G2.2. The government will not argue for application of any specific offense characteristics other than those identified in paragraph 3(i) above.

(b) The government will recommend a three-level reduction in the computation of his offense level if the defendant clearly

demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(c) The government will recommend a sentence that includes a term of imprisonment of 97 months in Bureau of Prisons custody as one component of an overall reasonable sentence.

(d) The government will recommend that the court impose a term of supervised release of one hundred eighty (180) months.

5. <u>Factual Basis</u>

The defendant will plead guilty because he is in fact guilty of the crime set forth in the indictment. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> Beginning on an unknown date no later than in approximately February 7, 2013, and continuing through approximately March 6, 2013, in Fresno County, within the State and Eastern District of California and elsewhere, the defendant did knowingly receive visual depictions that had been mailed, shipped, or transported in interstate or foreign commerce, or which contained materials that had been so mailed, shipped, or transported, and the producing of the depiction involved one or more minors engaging in sexually explicit conduct and was of such conduct, specifically: the defendant, using a computer and modem, received via the internet and interstate commerce, at least one visual depiction, which the defendant then knew was a visual depiction, the producing of which involved the use of a minor engaged in sexually explicit conduct and was of such conduct as defined in Title 18, United States Code, Section 2256, all in violation of Title 18, United States Code, Section 2252(a)(2). Several of the images depicted prepubescent minors, some were depictions of violence and/or sadistic or masochistic conduct, and the total number of images the defendant received was more than 600.

6. <u>Potential Penalties</u>

Defendant understands that because the count to which he is pleading guilty occurred after November 1, 1987, the court will

be required to consult the United States Sentencing Guidelines adopted by the United States Sentencing Commission.

The following are the potential penalties that the defendant faces:

(a) Imprisonment.

    Minimum (Mandatory): Five (5) years.
    Maximum: Twenty (20) years.

(b) Fine.

    Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

    Minimum: Five Years.
    Maximum: Lifetime (18 U.S.C. 3583(k))

    (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court or five years, whichever is less.)

(e) Penalty Assessment:

    Mandatory: One Hundred Dollars ($100).

(f) Restitution:

    Mandatory.

7. <u>Waiver of Rights</u>

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge

sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court. At trial, the defendant would also have the right to assistance of legal

counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8. <u>Questions by Court</u>

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. <u>Entire Agreement</u>

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

10. <u>Court not a Party</u>

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph six (6) if the court does not accept this agreement and the defendant pleads guilty without an agreement or is convicted after trial. Further, in making its sentencing decision, the

court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment. However, the parties agree that if the court accepts this plea agreement, then the court will be bound by the sentencing recommendations of the parties which include a recommended term of imprisonment within the range of 78-121 months imprisonment.

11. <u>Presentence Report</u>

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

BENJAMIN B. WAGNER
United States Attorney

DATED: 6/3/13          By  *David L. Gappa*
                           DAVID L. GAPPA
                           Assistant U.S. Attorney

DATED: 5-31-13             *Jeffrey Lee Jordy*
                           JEFFREY LEE JORDAN
                           Defendant

DATED: May 31, 13          *Katherine Hart*
                           KATHERINE HART
                           Attorney for Defendant

25